THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FIRST FED BANK, a Washington state commercial bank,<br><br>        Plaintiff,<br><br>      v.<br><br>INDIANA WATER TECHNOLOGY LLC, an Indiana limited liability company, DAVID A. SCHROEDER, an individual, and SARAH SCHROEDER, an individual,<br><br>        Defendants. | Case No. 3:24-cv-05730-TL<br><br>**AMENDED COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT** |

Plaintiff First Fed Bank (First Fed) brings this action against Defendants Indiana Water Technology LLC, David A. Schroeder, and Sarah Schroeder (IWT Defendants) under Rule 57 of the Federal Rules of Civil Procedure, the Federal Declaratory Judgment Act, 28 U.S.C. §2201, *et seq.* and other applicable law. In support of its amended complaint and petition for declaratory judgment and monies due, First Fed alleges as follows:

### I.  PRELIMINARY STATEMENT

1. This declaratory judgment action and claim for monies due arises from the IWT Defendants' defaults under certain commercial Loan Documents, and their challenge to the validity and enforceability of such Loan Documents.

2. In December 2021, Defendant Indiana Water Technology LLC (Indiana Water Technology) executed a Business Loan and Security Agreement (Loan Agreement) with First Fed

AMENDED COMPLAINT FOR DECLARATORY RELIEF AND
BREACH OF CONTRACT - 1
Case No. 3:24-cv-05730-TL

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0016/9899317.1

and made and delivered a Promissory Note (Note) in the principal amount of $988,125.00 (Loan). Under Section 7.4 of the Loan Agreement and a separate Unconditional Guaranty of Payment and Performance (Guaranty), Defendant David A. Schroeder (Mr. Schroeder) is a personal guarantor of the Loan. The term "Loan Documents," as used herein, refers to the Loan Agreement, the Note, and the Guarantee collectively.

3. IWT Defendants have called into question the validity and enforceability of the Loan Documents by filing an action in Snohomish County Superior Court (State Court Action) asserting, among other things, that the Loan Documents are invalid and unenforceable. After First Fed removed the State Court Action to federal court, *Pacific Water Technology LLC, et al. v. Wear, et al.,* No. 24-cv-01164-TL (U.S. District Court for the Western District of Washington), the IWT Defendants voluntarily dismissed all of their claims against First Fed without prejudice under Rule 41(a)(1)(A)(i) on August 6, 2024 (Dkt. 10).

4. First Fed has administered the Loan in conformity with the Loan Documents and applicable state and federal law.

5. Indiana Water Technology and Mr. Schroeder breached by failing to make the requisite payments when due under the Loan Documents, and filing the State Court Action against First Fed contesting the validity and enforceability of the Loan Documents and the continuing liability of Indiana Water Technology and Mr. Schroeder thereunder, entitling First Fed to accelerate the Loan and seek a money judgment against Indiana Water Technology and Mr. Schroeder for the accelerated Loan obligation.

6. Sarah Schroeder (Ms. Schroeder) is not a party to the Loan Documents but nonetheless asserted the invalidity of the Loan Documents in the State Court Action. She is named as a defendant here, despite her apparent lack of connection to the Loan Documents, because she sought the rescission or invalidation of the Loan Documents in the State Court Action.

7. While the IWT Defendants had no claims pending against First Fed when this action was filed, they continued to maintain that the Loan Documents are invalid and

AMENDED COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT - 2
Case No. 3:24-cv-05730-TL

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0016/9899317.1

unenforceable, and subsequent to this action have filed an action in state court affirming that they dispute the validity and enforceability of the Loan Documents. First Fed brings this declaratory judgment action and claim for monies due to clarify and settle the rights and obligations of the parties under the Loan Documents, and to recover as damages the sums now due and owing under the Loan Documents by reason of Indiana Water Technology's and Mr. Schroeder's defaults. Specifically, First Fed seeks a declaratory judgment that the Loan Documents are valid and enforceable against the IWT Defendants and a judgment for monies due in the amount of the Accelerated Obligation (as defined below), plus attorneys' fees and costs and additional prejudgment interest at the contractual default rate until the date of judgment.

## II.  PARTIES

8.  First Fed Bank is incorporated in Washington and has its principal office in Port Angeles, Washington. First Fed Bank is therefore a citizen of Washington.

9.  Indiana Water Technology is a limited liability company organized under the laws of Indiana and with its principal office in Indianapolis, Indiana. In the State Court Action, IWT Defendants alleged facts suggesting that its owner, Mr. Schroeder, is a resident of Indiana and is registered to vote in Indiana. Therefore, upon information and belief, Indiana Water Technology is a citizen of Indiana where it is organized and where its owner, a natural person, is domiciled.

10. Upon information and belief, and based upon his own allegations in the State Court Action, Mr. Schroeder is a citizen of Indiana. In the State Court Action, IWT Defendants alleged facts suggesting that Mr. Schroeder is married to Ms. Schroeder.

11. Upon information and belief, Ms. Schroeder is a citizen of Indiana.

## III.  JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §1332 because this is an action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interests or costs. Specifically, First Fed is a citizen of Washington, while the IWT Defendants are each citizens of Indiana. The parties thus have complete diversity of

AMENDED COMPLAINT FOR DECLARATORY RELIEF AND
BREACH OF CONTRACT - 3
Case No. 3:24-cv-05730-TL

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0016/9899317.1

citizenship. The amount in controversy is equal to the payments under the Loan Agreement when it was entered, which included both interest and principal and therefore exceeds the original principal amount of $988,125.00.

13. This Court has jurisdiction to enter a declaratory judgment under 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 57, because there is an actual controversy between the parties. This controversy is ripe and judiciable.

14. Venue is proper under 28 U.S.C. § 1391 because this Court is in the judicial district and division where a substantial part of the events giving rise to this action occurred. First Fed issued the Loan Agreement from its headquarters in Clallam County, Washington.

## IV.   FACTS

**A.   Loan History**

15. On December 14, 2021, Indiana Water Technology executed the Loan Agreement with First Fed Bank in the principal amount of $988,125.00 for the purchase or refinance of one or more water dispensing systems. Copies of the Loan Agreement, the Note, and the Guaranty are attached as Exhibits A-C, respectively, to this amended complaint.

16. The Loan proceeds were disbursed by First Fed at the direction of Indiana Water Technology. A copy of Indiana Water Technology's Disbursement Request and Authorization is attached as Exhibit D to this amended complaint.

17. Under the terms of the Note, Indiana Water Technology promised and agreed to timely make regular monthly payments of principal and interest on the Note on the fifth day of each month, commencing January 5, 2022, and continuing each month thereafter until December 14, 2031, when the outstanding principal balance of the Loan, together with all accrued and unpaid interest and all other amounts due and owing under the Note, was due in full.

18. In the event of default, the Note provides for a late charge equal to five percent (5%) of the delinquent payment amount, and default interest at a rate equal to eighteen percent (18%) per annum.

AMENDED COMPLAINT FOR DECLARATORY RELIEF AND
BREACH OF CONTRACT - 4
Case No. 3:24-cv-05730-TL

134777.0016/9899317.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

19. Under Section 7.4 of the Loan Agreement and the separate Guaranty, Mr. Schroeder personally, absolutely, and unconditionally guaranteed Indiana Water Technology's obligations to First Fed under the Loan Documents. A copy of the Guaranty is attached as Exhibit C to this amended complaint.

20. First Fed has fulfilled its own obligations under the Loan Documents.

21. First Fed is entitled to recover its attorneys' fees, costs, and expenses incurred in enforcing the Loan Documents.

22. No conditions exist in regard to the negotiation, terms, execution, or enforcement of the Loan Documents that would render any of them void, invalid, unenforceable, or subject to the equitable remedy of recission.

**B.     The State Court Action**

23. On June 21, 2024, IWT Defendants, along with numerous other plaintiffs, filed an amended complaint in the State Court Action against First Fed and other defendants in Snohomish County Superior Court. A copy of the amended complaint in the State Court Action is attached as Exhibit E to this amended complaint.

24. The amended complaint in the State Court Action asserted that the Loan Agreement and Note between Indiana Water Technology and First Fed, and Guaranty between Mr. Schroeder and First Fed, are "void and/or should be rescinded." Ex. D. ¶¶ 205, 221.

25. The amended complaint in the State Court Action sought, among other things, an order that the Loan Agreement, Note, and Guaranty are "void, invalid, rescinded, and/or unenforceable under applicable law." Ex. D, Request for Relief, ¶ 7; *see also id.* at ¶¶ 210, 225, 241, 277 (seeking rescission).

26. The amended complaint in the State Court Action sought "temporary, preliminary, and permanent injunctive relief staying further disputed loan payments to … First Fed" under the Loan Agreement, and "preventing [First Fed] from defaulting or accelerating the loans in [IWT Defendants'] names pending the outcome of this litigation." Ex D, Request for Relief, ¶ 8.

AMENDED COMPLAINT FOR DECLARATORY RELIEF AND
BREACH OF CONTRACT - 5
Case No. 3:24-cv-05730-TL

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0016/9899317.1

27. On August 2, 2024, First Fed removed the State Court Action to this Court.

28. On August 6, 2024, IWT Defendants dismissed their claims against First Fed without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

29. On September 9, 2024, IWT Defendants and others filed an amended complaint against First Fed, its parent corporation, and individual officers and directors in King County Superior Court, alleging, inter alia, that the Loan Documents, the Note and the Guaranty were invalid and unenforceable (King County Action).

## C. Defaults and Acceleration

30. Indiana Water Technology and Mr. Schroeder defaulted on their obligations under the Loan Documents in that they failed to make the requisite payments when due. Specifically, Indiana Water Technology failed to make the monthly payment due and owing under the Note on February 5, 2024, and all subsequent monthly payments due thereafter, and Mr. Schroeder failed to satisfy the amounts due and owing under the Loan Documents in accordance with his Guaranty.

31. Indiana Water Technology and Mr. Schroeder also defaulted on their obligations under the Loan Documents on account of their filing of the initial State Court Action and the recently-filed King County Action contesting the validity and enforceability of the Loan Documents and the continuing liability of Indiana Water Technology and Mr. Schroeder thereunder, causing First Fed in good faith to deem itself insecure.

32. As a result of the aforementioned defaults, First Fed accelerated the Loan obligation by notice issued to Indiana Water Technology and Mr. Schroeder, and all amounts owing under the Loan Documents are immediately due and payable.

33. All amounts owing under the Loan Documents bear interest at the contractual default rate of eighteen percent (18%) per annum from October 3, 2024, until paid in full.

## D. Actual Controversy

34. Since their voluntary dismissal without prejudice of their claims against First Fed as first asserted in the State Court Action and now as re-asserted in the King County Action, IWT

AMENDED COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT - 6
Case No. 3:24-cv-05730-TL

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0016/9899317.1

Defendants continue to dispute the validity and enforceability of the Loan Agreement, Note, and the Guaranty.

35. There is an immediate, concrete, and existing controversy between the parties as to the validity and enforceability of the Loan Documents. This controversy could be resolved through the issuance of the declaratory judgment sought by First Fed in this case. Such a judgment would bring specific, legal certainty to parties with adverse legal interests—namely, First Fed on the one hand, and the IWT Defendants on the other.

36. As provided in the Loan Documents, First Fed is also entitled to a judgment for monies due based on Indiana Water Technology's and Mr. Schroeder's breach of contract.

## V. FIRST CAUSE OF ACTION – DECLARATORY RELIEF

37. First Fed incorporates by reference paragraphs 1 through 36, above, as though fully set forth herein.

38. An actual controversy currently exists between the parties concerning the validity and enforceability of the Loan Documents. IWT Defendants have asserted—and continue to maintain—that the Loan Documents are invalid and unenforceable, and that First Fed is legally barred from calling a default or accelerating the Loan. First Fed contends that the Loan Documents are each valid and enforceable. This controversy would be resolved if the Court were to award First Fed the definite and concrete declaratory relief sought in this action.

39. First Fed seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that:

    a. The Loan Agreement and Note are valid and enforceable against Indiana Water Technology;

    b. The Guarantee is valid and enforceable against Mr. Schroeder as the personal guarantor of the Loan;

    c. The Loan Documents are not void or voidable by IWT Defendants under any doctrine or provision of state or federal law; and

    d. IWT Defendants are not entitled to recission of the Loan Documents under

AMENDED COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT - 7
Case No. 3:24-cv-05730-TL

134777.0016/9899317.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

any doctrine or provision of state or federal law, including, but not limited to, the Washington Franchise Investment Protection Act, RCW 19.100, the Washington State Securities Act, RCW 21.20, and the Uniform Voidable Transactions Act, RCW 19.40.

## VI. SECOND CAUSE OF ACTION – BREACH OF CONTRACT AND CLAIM FOR MONIES DUE

40. First Fed incorporates by reference paragraphs 1 through 39, above, as though fully set forth herein.

41. Indiana Water Technology and Mr. Schroeder defaulted on their obligations under the Loan Documents in that they failed to make the requisite payments when due and caused First Fed to deem itself insecure by contesting the validity and enforceability of the Loan Documents and the continuing liability of Indiana Water Technology and Mr. Schroeder thereunder, as alleged in the State Court Action and King County Action.

42. As a result, First Fed elected to accelerate the Loan obligation and all amounts owing under the Loan Documents are immediately due and payable.

43. Indiana Water Technology and Mr. Schroeder are indebted to First Fed under the Loan Documents for the unpaid principal balance of $826,071.38, plus accrued and unpaid interest through October 2, 2024, in the amount of $37,143.11, and late charges of $4,378.16 (collectively, the "Accelerated Obligation"), together with attorneys' fees, costs and expenses incurred since the IWT Defendants challenged the validity of the Loan Documents, and additional prejudgment interest at the contractual default rate of eighteen percent (18%) per annum from October 3, 2024, until the date of judgment.

44. First Fed is entitled to post-judgment interest on the entire judgment amount at the contractual default rate, and recovery of all of its attorneys' fees, costs and expenses pursuant to the terms of the Loan Documents.

AMENDED COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT - 8
Case No. 3:24-cv-05730-TL

134777.0016/9899317.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

## REQUEST FOR RELIEF

Plaintiff First Fed Bank respectfully requests judgment in its favor and against IWT Defendants as follows:

1. A declaratory judgment in favor of First Fed and against IWT Defendants that the Loan Documents are valid and enforceable in accordance with their express written terms;

2. A judgment in favor of First Fed and against Indiana Water Technology and Mr. Schroeder, jointly and severally, in the amount of the Accelerated Obligation, plus additional prejudgment interest at the contractual default rate of eighteen percent (18%) per annum from October 3, 2024, until the date of judgment;

3. An order awarding First Fed its attorneys' fees and costs incurred in defending and enforcing the Loan Documents;

4. An order providing that the total judgment amount shall bear interest on the declining balance at the contractual default rate of eighteen percent (18%) per annum from the date of entry of the judgment until paid in full; and

5. Any other remedy that the Court deems just and proper.

DATED: October 4, 2024

LANE POWELL PC

By /s/ Andrew G. Yates
   Gregory R. Fox, WSBA No. 30559
   Andrew G. Yates, WSBA No. 34239
   Devon J. McCurdy, WSBA No. 52663
   Dailey Koga, WSBA No. 58683
   1420 Fifth Avenue, Suite 4200
   P.O. Box 91302
   Seattle, Washington 98111-9402
   Telephone: 206-223-7000
   foxg@lanepowell.com
   yatesa@lanepowell.com
   mccurdyd@lanepowell.com
   kogad@lanepowell.com
Attorneys for Plaintiff First Fed Bank

AMENDED COMPLAINT FOR DECLARATORY RELIEF AND BREACH OF CONTRACT - 9
Case No. 3:24-cv-05730-TL

134777.0016/9899317.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107